[Civ. No. 5352. Third Appellate District.—November 22, 1935.]

S. RAMIREZ, Appellant, v. THOMAS PRODUCTIONS, LTD. (a Corporation), et al., Respondents.

Benjamin Chipkin for Appellant.

Manuel Ruiz, Jr., *in pro. per.*, and Willedd Andrews for Respondents.

MAXEY, J., *pro tem.*—Plaintiff was solicited by defendant, Manuel Ruiz, Jr., to purchase an interest in a copartnership, having and owning certain patent rights to motion picture and sound devices then owned and held by said copartnership. The defendant, Richard Thomas, was one of the partners in said project, and had personally owned the patent rights above mentioned.

Thomas Productions, Ltd., a Delaware corporation, was subsequently organized, and the copartnership transferred all of its assets to the corporation, in consideration of issuance of stock in said corporation to each of the copartners, in proportion to their several interests in said copartnership.

The complaint is in two counts, the first seeking damages for fraudulent representation in inducing plaintiff to invest his money in the copartnership; and the second, for money had and received by reason of the fact that the moneys of plaintiff were taken from him and invested in said copartnership in violation of the Corporate Securities Act of the state of California.

■ We have made a careful examination of the record and of the transcript in this case, and find no evidence of any fraud being perpetrated upon the plaintiff. Prior to making his investment plaintiff carefully investigated the project, attended demonstrations of the patented articles, observed their operation and performance, and entered into the transaction with full knowledge of all that had been done by the copartnership, together with full knowledge of the contemplated acts and actions of the corporation when it had been perfected. The mere fact that the plaintiff made a bad investment is no indication of fraud, and no advantage of any kind appears from the record to have been taken of plaintiff.

We can see no error in the rulings of the learned trial court prejudicial to the interests of the plaintiff herein, nor was the conduct of the trial court in any sense prejudicial to any rights of the plaintiff.

■ Undoubtedly, an action for money had and received will lie to recover any money paid to an individual or corporation for the issuance of copartnership or corporate securities when such issuance is in violation of the Corporate Securities Act. ■ Plaintiff did not purchase any stock in defendant corporation, Thomas Productions, Ltd., at any time. It was not shown that any of the money paid by plaintiff ever reached or was used by this corporation. Before it could be held liable, plaintiff must affirmatively show that the corporation received at least some portion of the money, or that it was used for the use and benefit of such corporation. The burden of showing this fact was upon the plaintiff, and having failed to sustain this burden, he cannot recover against the said corporation, Thomas Productions, Ltd.

■ What plaintiff actually purchased was an interest in the copartnership. Neither the copartnership nor any of its members, with the exception of Richard Thomas and Manuel Ruiz, Jr. (sued herein as John Doe), were made parties defendant. The copartnership had secured a permit to issue its securities from the corporation commissioner, and at the time of the sale to plaintiff, had applied for a renewal of its permit, and had been informed by the commissioner of corporations that no permit was necessary under the methods then being pursued by said copartnership. The defendants and the copartnership had done those things required of them by the Corporate Securities Act, and there being no violation thereof, the present action will not lie.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1936.